HODGSON RUSS LLP
1540 Broadway, 24th Floor
New York, New York 10036
Telephone: (212) 751-4300
Facsimile: (212) 751-0928
jtrussel@hodgsonruss.com
Jacquelyn R. Trussell, Esq.

HODGSON RUSS LLP
140 Pearl Street, Suite 100
Buffalo, NY 14202-4040
Telephone: (716) 848-1479
Facsimile: (716) 819-4616
pperlman@hodgsonruss.com
Paul I. Perlman, Esq.
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————

RIMOWA NORTH AMERICA, INC.
900 Maple Grove Road
Cambridge, Ontario N3H 4R7
Canada,

                         Plaintiff,

    v.

LLOYD WOOD, Individually and d/b/a
thebestnewproducts.com, Das Bags and
dasbags.com
201 Westmont Avenue
Haddonfield, New Jersey 08033,

ELIZABETH WOOD , Individually and d/b/a
thebestnewproducts.com, Das Bags and
dasbags.com
201 Westmont Avenue
Haddonfield, New Jersey 08033,

       and

RICHARD ROCCO, Individually and d/b/a
thebestnewproducts.com, Das Bags and
dasbags.com
910 Haddonfield – Berlin Road
Voorhees, New Jersey 08043,

                      Defendants.

———————————————————————

Civil Action No.:

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Rimowa North America, Inc. ("Rimowa"), by and through its attorneys, Hodgson Russ LLP, for its complaint against defendants Lloyd Wood, Elizabeth Wood and Richard Rocco ("Rocco"), alleges as follows:

1.      Rimowa is a corporation organized and existing under the laws of New Brunswick, Canada, with a principal place of business in Cambridge, Ontario, Canada.

2.      Upon information and belief, Lloyd Wood is a resident and citizen of New Jersey.

3.      Upon information and belief, Elizabeth Wood is a resident and citizen of New Jersey.

4.      Upon information and belief, Rocco is a resident and citizen of New Jersey.

5.      Upon information and belief, Lloyd Wood, Elizabeth Wood, and Rocco do business as thebestnewproducts.com, Das Bags and dasbags.com.

**Statement of Jurisdiction and Venue**

6.      This action arises under The Lanham Act (15 U.S.C. §1051 et seq.).  As such, this Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1121. There is subject matter jurisdiction over the non-federal claims under 28 U.S.C. §1367, under the principle of supplemental jurisdiction.

7.      Venue is proper in this District under 28 U.S.C. §1391(b).

**Facts**

8.     Rimowa GmbH ("Rimowa Germany") owns U.S. trademark registration 1,529,438 for RIMOWA in International Classes 9 for "photographic equipment cases of aluminum or acrylonitrile/butadine/styrene plastic" and 18 for "travelling cases and suitcases, trunks, and cosmetic cases sold empty, made of aluminum or acrylonitrile/butadine/styrene plastic."  The mark has been registered since March 14, 1989 and is incontestable.

9.     For more than 100 years, Rimowa Germany has manufactured and sold high-quality suitcases and professional cases, developing a world-wide reputation for exceptional luggage and cases and exceptional quality.  Rimowa cases have appeared in more than eighty movies, including, "The Proposal," "Wall Street 2," "Get Smart," and "Snakes On A Plane."  Rimowa cases are sold at high-end retail locations such as the Forum Shops at Caesar's Palace in Las Vegas, Nieman Marcus, and the Rimowa Store on Rodeo Drive in Beverly Hills.

10.     Rimowa Germany has licensed Rimowa to use and sub-license the RIMOWA mark within North America.  Rimowa Germany has authorized Rimowa to establish and terminate supply contracts for Rimowa products within North America, and to sell Rimowa products pursuant to those supply contracts.

11.     On February 8, 2011, Rimowa terminated Das Bags' supply arrangement with Rimowa, and instructed Das Bags to cease using the RIMOWA trademark except in conjunction with the sale of remaining Rimowa inventory in its possession.  A copy of the termination letter is attached as Exhibit A.

## FIRST CAUSE OF ACTION

12.     Upon information and belief, Lloyd Wood, Elizabeth Wood and Rocco operate a website at www.dasbags.com ("Das Bags Website").  The dasbags.com domain name is registered to Rocco.

13.     Upon information and belief, through the Das Bags Website, defendants sell and have sold primarily Rimowa products both before and after Das Bags' supply agreement was terminated.

14.     On the Das Bags Website, under a tab titled "News," defendants display official Rimowa news releases, interspersed with Das Bags' news stories, to create the false impression either that Rimowa and Das Bags are one and the same, or that Das Bags is affiliated with or sponsored by Rimowa.  Relevant pages from the Das Bags Website are attached as Exhibit B.

15.     In addition, the name "Das Bags" is intended to evoke the image that Das Bags is a German company, like Rimowa's parent, Rimowa Germany.  In fact, Das Bags is not a German company; it is a New Jersey business.

16.     The Das Bags Website also states "Das Bags is a leading distributor of Rimowa luggage in the U.S. . . .."  A page from Das Bags' Website containing this statement is attached as Exhibit C.

17.     Das Bags is not an authorized distributor of Rimowa luggage, either in the United States or elsewhere.

18.     Defendants, through their operation of the Das Bags website, have violated 15 U.S.C. §1125(a)(1)(A, B) in that they have used words, terms, names, and devices, and combinations of them, and false or misleading descriptions and representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of them with Rimowa or as to the origin, sponsorship or approval of their goods and commercial services, and in commercial advertising and promotion, have misrepresented the geographic origins of their services and commercial activities.

19.     As a result of the foregoing, Rimowa has been damaged in the loss of goodwill and loss of ability to control its brand, in an amount to be determined by the court.

20.     This is an exceptional case within the meaning of 15 U.S.C. §1117(a).

## SECOND CAUSE OF ACTION

21.     Repeats and realleges paragraphs 1 through 20 of this Complaint.

22.     Beginning on July 6, 2010 through October 14, 2010, defendants ordered RIMOWA products from Rimowa.

23.     Rimowa invoiced defendants for those purchases.  Copies of the invoices are attached as Exhibit D ("Invoices").  Payment terms were 30 days.

24.     Defendants accepted the goods identified in the Invoices.

25.     Defendants did not object to any of the Invoices.

26.     Defendants did not pay any part of the amounts billed in the Invoices.

27.     On December 16, 2010, Rimowa credited $263 against the Invoices, leaving a balance due of Fifteen Thousand Nine Hundred Eighty Dollars and Eight-One Cents ($15,980.81).

28.     Defendants are liable to Rimowa in the amount of Fifteen Thousand Nine Hundred Eighty Dollars and Eight-One Cents ($15,980.81), plus pre-judgment and post-judgment interest.

WHEREFORE, Rimowa demands judgment, as follows:

1.     A preliminary and permanent injunction enjoining defendants from falsely stating or suggesting or misleading others by suggesting any affiliation, connection, or association between them or their business and Rimowa, or falsely stating or suggesting or misleading others by suggesting any sponsorship by or affiliation with Rimowa, or misrepresenting the geographic origins of their services;

2.     Awarding Rimowa its damages and/or defendants' profits for defendants' violation of 15 U.S.C. §1125(a)(1)(A, B), up to three times actual damages;

3.     Awarding Rimowa Fifteen Thousand Nine Hundred Eighty Dollars and Eight-One Cents ($15,980.81) on plaintiff's Second Cause of Action;

4.     Attorneys' fees;

5.     Costs; and

6.     Such other relief as the Court deems proper.

**Certification Pursuant to Local Civil Rule 11.2**

The undersigned hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**Jury Demand**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: September 21, 2011

HODGSON RUSS LLP

By: _____/s/ Jacquelyn R. Trussell_____
Jacquelyn R. Trussell (JT 0065)

020299/00028 Litigation 7884648v2